# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. SMITH, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00828-OWW-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT R. D. SMITH WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

### I.　Screening Requirement

Plaintiff Raul Hernandez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 11, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Claims Arising From Denial of Adequate Dental Care

Plaintiff, who is currently housed at Avenal State Prison, brings this action against dental staff there for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution. Named as defendants are dentists T. Smith, R. D. Smith, and L. Kirk.

Prisoners are entitled to adequate dental care. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989). However, to rise to the level of cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

///

Failing to provide Plaintiff with dental treatment, and causing him to live with severe pain are not constitutionally permissible. Hunt, 865 F.2d at 200. However, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

In his complaint, Plaintiff sets forth dates on which he was seen for his dental problems, which consisted of a broken molar, an abscessed tooth, an infection, and severe pain. Plaintiff alleges that he was turned away without treatment on September 19, 2007, by Defendant R. D. Smith even though Plaintiff told Smith he was in pain. Plaintiff's allegations, coupled with his inmate appeal, are sufficient to give rise to a claim for relief against R. D. Smith for failing to provide him with treatment on September 19, 2007. (Doc. 1, Comp., court record pp. 4, 8.) However, Plaintiff's other allegations do not identify which dentist he was seeing and/or do not sufficiently allege that the dentist knew of and disregarded an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 837.

Plaintiff's allegations must be sufficiently specific to allow the Court to find that Plaintiff has stated a plausible claim for relief against *each* named defendant. Iqbal, 129 S.Ct. at 1949. Facts merely consistent with liability fall short of this standard courts, id., and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The Court will provide Plaintiff with leave to amend. Plaintiff's allegations need not and should not be lengthy, but Plaintiff must clearly state what *each* defendant did or did not do that violated his constitutional rights. While Plaintiff may use exhibits to support his claims, Fed. R. Civ. P. 10(c), he must identify (cite to) the exhibits with specificity and may not rely on the Court to wade through the exhibits and piece together his claims. It is Plaintiff's duty to clearly support his claims with sufficient allegations. While exhibits may be used as support, they generally are not sufficient, standing alone, to give rise to a claim.

### III.  **Conclusion and Order**

Plaintiff's complaint states a claim against Defendant R. D. Smith for refusing to provide him with dental care on September 19, 2007, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the
///

deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant R. D. Smith, Plaintiff may so notify the Court in writing, and the other defendants will be dismissed for failure to state a claim against them. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant R. D. Smith.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 129 S.Ct. at 1948-49; <u>Jones</u>, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. <u>Iqbal</u> at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.    Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant R. D. Smith; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 2, 2009**                              **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE