# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL HERNANDEZ, | CASE NO. 1:09-cv-00828-AWI -GBC (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 12) |
| T. SMITH, et al., | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

## I.      Procedural History

Plaintiff Raul Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on May 11, 2009. Doc. 1. On December 2, 2009, the Court screened Plaintiff's complaint and stated that he could proceed on the cognizable claim against R. D. Smith or amend. Doc. 8. On April 30, 2010, Plaintiff filed his first amended complaint, which is currently before the Court. Doc. 12.

## II.      Screening

### A.      Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"'Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.'"  *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000).  "'Additionally, in general, courts must construe pro se pleadings liberally.'"  *Id.*  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**B.    Plaintiff's Complaint**

Plaintiff is incarcerated at Chuckawalla State Prison, located in Blythe California and is suing under section 1983 for events which occurred while a prisoner at Avenal State Prison in Avenal California. Doc. 12.  In his complaint, Plaintiff names the following defendants: 1) T. Smith (DDS dentist); 2) R. D. Smith (DDS dentist); and L. Kirk (DDS dentist).  Doc. 12 at 1-3.

Plaintiff alleges that on June 8, 2006, Plaintiff submitted a healthcare request form 7362 for a dental examination since Plaintiff was suffering a great deal of pain.  Doc. 12 at 1-2.  Plaintiff was seen on August 14, 2006, by the dentist, Defendant T. Smith.  Doc. 12 at 2.  Plaintiff told Defendant T. Smith that Plaintiff was in extreme pain and that "tooth #31" needed to be fixed to resolve the pain.  Doc. 12 at 2.  Plaintiff told Defendant T. Smith that the pain from the tooth caused Plaintiff to chew only on his left side.  Doc. 12 at 2.  According to Plaintiff, "When [Defendant T. Smith]

2

examined [Plaintiff] . . . [Defendant T. Smith] knew right then of [Plaintiff's] serious medical need and that [Plaintiff] was in extreme pain. He failed, in his individual capacity, to treat [Plaintiff] . . .and because of negligence, [Plaintiff's moulder [sic] . . . finally crack[ed] all the way to the bottom of [Plaintiff's] gum causing [Plaintiff] to lose part of [his] tooth." Doc. 12 at 2.

On September 16, 2007, Plaintiff submitted another health care request form #7362 to receive treatment for an abscess tooth and the same molar. Doc. 12 at 2. On September 19, 2007, Plaintiff was seen by another dentist, Defendant R. D. Smith for the abscess on one tooth and problems with his molar. Doc. 12 at 2. According to Plaintiff, when he "asked [Defendant R. D. Smith] a question, [he] was refused treatment and told to leave" and Plaintiff left although he was in a great deal of pain. Doc. 12 at 2. Plaintiff further states that on October 15, 2007, Defendant R. D. Smith "denied/deprived [Plaintiff] medical treatment . . . [for his] serious medical need." Doc. 12 at 2.

On September 24, 2007, Plaintiff submitted another health care request form #7362 to address extreme dental pain that interfered with Plaintiff's ability to brush, eat, sleep and carry out his normal activities. Doc. 12 at 2-3. On the health care request form, Plaintiff asked why he was being denied medical treatment and stated that if he did not receive the necessary help, Plaintiff would end up losing teeth that were otherwise salvageable. Doc. 12 at 3. Plaintiff was seen on September 27, 2007 by dentist Defendant L. Kirk who told Plaintiff that "tooth #8" would have to be extracted. Doc. 12 at 3. Plaintiff asserts that Defendant L. Kirk "must've seen Plaintiff's medical file and seen the progress notes from . . . R. D. Smith [and] T. Smith . . . . [Defendant Kirk] in his individual capacity knew that Plaintiff was in a great deal of pain and needed medical treatment . . . . [Defendant Kirk] failed to provide Plaintiff with medical treatment when he was aware that Plaintiff was already being denied medical treatment by [Defendants R. D. Smith and T. Smith]." Doc. 12 at 3.

Plaintiff filed a 602 grievance and on January 17, 2008, Plaintiff was interviewed by Defendant Kirk regarding the grievance. Doc. 12 at 3. During the interview, Plaintiff told Defendant Kirk to look at Plaintiff's medical file and he will be able to see that Plaintiff was overdue for treatment since October 7, 2003. Doc. 12 at 3. According to Plaintiff, "Upon carefully reviewing Plaintiff's medical file, [Defendant Kirk] . . . 'granted' Plaintiff's 602 grievance." Doc. 12 at 3.

3

### C. Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

A plaintiff can demonstrate that prison officials were deliberately indifferent to a prisoner's serious medical needs when officials delay or intentionally interfere with medical treatment. *Hallett v. Morgan*, 296 F.3d 732, 744-45 (9th Cir. 2002) (quoting *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir.1992)) (internal quotations omitted). However, delay resulting from "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted). Moreover, in order to state a deliberate indifference Eighth Amendment claim resulting from a delay in medical treatment, a plaintiff must demonstrate that the delay caused additional serious injury. *See Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988); *see also Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).

To state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be

imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### D.     Analysis

Plaintiff adequately alleges that his dental condition and pain amounts to a serious medical need and that the named defendants had knowledge of Plaintiff's serious medical need. However, Plaintiff fails to allege any facts regarding what purposeful act or failure to respond that was done by each defendant. *Jett*, 439 F.3d at 1096 (*citing McGuckin*, 974 F.2d at 1060). Therefore, Plaintiff fails to state an Eighth Amendment deliberate indifference claim.

Plaintiff's conclusory allegations that defendants violated Plaintiff's rights are insufficient to state a claim. *See e.g.*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51 (2009); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).

1  "[P]laintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

In this instance, Plaintiff merely makes the conclusory allegation that Defendants denied Plaintiff of medical treatment without providing sufficient facts to support that Defendants denied treatment. Although Plaintiff alleges that he was told to leave, Plaintiff fails to provide details as to who told Plaintiff to leave, what events led to Plaintiff being told to leave and what, if any treatment Plaintiff received regarding the abscess. Plaintiff's use of passive tense creates an ambiguity as to who actually told Plaintiff to leave. Plaintiff cannot simply refer to his attachments in his complaint. Rather Plaintiff must clearly explain what happened.

### III. Conclusion and Order

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed April 30, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 1, 2011

UNITED STATES MAGISTRATE JUDGE