# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. SMITH, et al.,<br><br>　　　　　Defendants. | Case No.  1:09-cv-00828-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 22)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## SCREENING REQUIREMENT

Plaintiff Raul Hernandez is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's third amended complaint, filed November 26, 2012.  (ECF No. 22.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading

standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S EIGHTH AMENDMENT CLAIM

### A.     Summary of Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at Chuckawalla Valley State Prison. Plaintiff brings this action against Defendants T. Smith, R. D. Smith, L. Kirk, and D. Moody alleging deliberate indifference to his dental needs while he was housed at Avenal State Prison.

On November 19, 2003, Plaintiff was seen in the dental department complaining of pain in his tooth. Plaintiff did not receive any treatment and no further appointment was scheduled. After waiting two and one half years for an appointment, Plaintiff submitted a health care request

2

1 form and was seen by Defendant T. Smith on August 14, 2006.[1]  (Third Am. Compl. 3, 6,[2] ECF
2 No. 22.)  Plaintiff informed Defendant T. Smith that he had to chew on the left side, and an
3 uneven bite jolts him with pain when he chews and sometimes he has an throbbing sensation.  (Id.
4 at 6.)  Defendant T. Smith found the x-rays to be inconclusive.  Defendant T. Smith noted that it
5 could be a cracked tooth, or referred pain.  (Id. at 12.)  Defendant T. Smith found the tooth was
6 not ideal for restoration, discussed extraction and determined that it was not recommended at this
7 time.  (Id. at 13.)

8 On September 19, 2007, Plaintiff was examined by Defendant R. D. Smith.  Plaintiff
9 informed Defendant R. D. Smith that he was having pain in his molar.  Defendant R. D. Smith
10 noted that Plaintiff had two issues to be addressed.  Defendant R. D. Smith noted that Plaintiff's
11 tooth was cracked and extraction would be recommended if Plaintiff's symptoms were not
12 relieved.  Plaintiff alleges that Defendant R. D. Smith did not address the second issue, pain in
13 tooth 8.  (Id. at 6, 15.)

14 On September 27, 2007, Plaintiff was seen by Defendant Kirk complaining of extreme
15 pain.  Defendant Kirk diagnosed Plaintiff with advanced periodontial disease and recommended
16 extraction of tooth 8, but Plaintiff refused the extraction.  (Id. at 7, 22-23.)

17 Plaintiff saw Defendant R. D. Smith again on October 15, 2007, complaining that he was
18 having pain from his molar and he had a bump on tooth 8 for which he wanted antibiotics.  Dr. R.
19 D. Smith recommended extraction of Plaintiff's molar and Plaintiff refused to have his tooth
20 extracted.  (Id. at 6, 16.)  Plaintiff was not prescribed antibiotics or pain medication.  (Id. at 7.)
21 Plaintiff states that Defendant Moody found tooth 8 a "priority 1c".  (Id. at 7.)

22 As discussed below, Plaintiff's third amended complaint states a claim against Defendants
23 R. D. Smith and Kirk for deliberate indifference, but fails to state any other cognizable claims for
24 relief.

---

[1] Plaintiff claims to have been seen by Defendant T. Smith on March 16, 2006.  Plaintiff's health care service request form was submitted on June 8, 2006, and Plaintiff was seen by Defendant T. Smith on August 14, 2006.  (ECF Nos. 11-14.)

[2] **Error! Main Document Only.**All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

**B.     Legal Standard**

Dental care is an important medical need and the Eighth Amendment requires that inmates be provided with a system of ready access to adequate dental care. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

**C.     Analysis**

1.     Defendant T. Smith

Plaintiff was seen by Defendant T. Smith complaining of pain when he jarred his tooth during eating and an occasional throbbing sensation. Defendant T. Smith examined Plaintiff and found that the findings were inconclusive, but that Plaintiff might have a cracked tooth or it could be referred pain. Defendant T. Smith noted that Plaintiff's tooth was not an ideal restoration and extraction was a possibility, but not recommended based upon Plaintiff's symptoms at the time. Plaintiff requested a crown and was advised that crowns were not available.

Defendant T. Smith took x-rays, reviewed them and found that the cause of Plaintiff's symptoms was inconclusive. The chart notes indicate that it could be a cracked tooth, but it was difficult to pinpoint. Defendant Smith performed percussion tests on Plaintiff's teeth and the

4

results were exactly the same on both sides. To the extent that Defendant T. Smith failed to properly diagnose the problem with Plaintiff's tooth, that is insufficient to state a claim for deliberate indifference.³ An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. Further, Plaintiff's complaint was of discomfort and occasional pain. Plaintiff's complaint fails to allege facts to state a plausible claim that Defendant T. Smith had the requisite state of mind for deliberate indifference to his pain or dental needs.

2. Defendant R. D. Smith

Plaintiff was seen by Defendant R. D. Smith on two occasions. On the September 19, 2007 visit, Plaintiff complained of pain when he ate. Plaintiff alleges that he complained of pain to two teeth, but Defendant R. D. Smith only addressed his molar pain, and he failed to treat or provide any medication to address Plaintiff's complaints. Plaintiff ended up having to be seen on September 27, 2007, at which time Defendant Kirk recommended that tooth 8 be extracted due to extreme pain in the tooth.

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A delay in treatment would not rise to the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). Plaintiff alleges that he had an abcess in tooth 8 and the delay in treatment caused him substantial harm in that his tooth needed to be extracted.

Further, when Plaintiff saw Defendant R. D. Smith on October 15, 2007, Plaintiff alleges that Defendant Smith refused to provide Plaintiff with pain medication or antibiotics because

---

³ While Plaintiff states that his teeth were healthy, the record shows otherwise. Defendant T. Smith found 5 mm to 7 mm pockets and Plaintiff was diagnosed with advanced periodontial disease by Defendant Kirk as discussed below.

Plaintiff refused to have his teeth extracted. Plaintiff's complaint states a claim against Defendant R. D. Smith for deliberate indifference to Plaintiff's dental needs.

### 3. Defendant Kirk

When Defendant Kirk examined Plaintiff on September 27, 2007, she advised Plaintiff that his tooth needed to be extracted. While Plaintiff alleges that Defendant Kirk failed to treat his tooth, he refused to allow the recommended treatment. Plaintiff's belief that other treatment should have been provided is a disagreement between him and Defendant Kirk as to the proper treatment which is insufficient to state a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

However, Plaintiff's allegation that Defendant Kirk was aware that he was in severe pain and failed to provide pain medication is sufficient to state a claim for deliberate indifference.

### 4. Defendant Moody

Plaintiff's bare allegation that Defendant Moody found tooth 8 to be a "priority 1c" is insufficient to state a plausible for a violation of the Eighth Amendment. Plaintiff fails to allege when Defendant Moody made this observation or the circumstances under which it was made. Further, is is unclear what finding Plaintiff's tooth to be priority 1c means. Plaintiff has failed to state a cognizable claim against Defendant Moody.

## III.

## CONCLUSION AND RECOMMENDATION

Plaintiff's third amended complaint sets forth a cognizable claim against Defendant Kirk for failing to provide pain medication and Defendant R. D. Smith for deliberate indifference to Plaintiff's dental needs, but does not state any other claims for relief under section 1983. Plaintiff has previously been notified of the deficiencies and given leave to amend with assistance from the Court. Plaintiff has now filed four complaints and has failed to correct the deficiencies in his pleadings. The Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's third amended complaint, filed November 26,

1  2012, against Defendants R. D. Smith and Kirk for deliberate indifference to Plaintiff's dental needs;

2.  Plaintiff's Eighth Amendment claim against Defendant Kirk for failure to treat his tooth be dismissed, with prejudice, for failure to state a claim;

3.  Plaintiff's Eight Amendment claims against Defendants T. Smith and Moody be dismissed, with prejudice, for failure to state a claim; and

4.  Defendants T. Smith and Moody be dismissed from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2013**

UNITED STATES MAGISTRATE JUDGE

7