1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8  RAUL HERNANDEZ,                                  )   Case No.: 1:09-cv-00828-AWI-SAB (PC)
                                                    )
9              Plaintiff,                           )
                                                    )
10       v.                                         )   ORDER DENYING PLAINTIFF'S MOTION
                                                    )   FOR LEAVE FOR ADDITIONAL
11  R.D. SMITH, et al.,                             )   INTERROGATORIES EXCEEDING 25
                                                    )
12             Defendants.                          )   [ECF No. 37]
                                                    )
13  _____              )

14      Plaintiff Raul Hernandez is appearing pro se and in forma pauperis in this civil rights action

15  pursuant to 42 U.S.C. § 1983.

16                                              I.

17                                    RELEVANT HISTORY

18      On April 25, 2014, Plaintiff filed a motion for leave to propound additional interrogatories

19  beyond the 25 limit on Defendant Dr. Kirk.  Defendant filed an opposition on May 16, 2014, and

20  Plaintiff filed a reply on June 3, 2014.

21      This action is proceeding against Defendants Dr. R.D. Smith and Dr. Kirk for deliberate

22  indifference to his dental needs.  The Court specifically found cognizable the following three claims:

23  1) Dr. Smith's alleged refusal to provide antibiotics and pain medication for an abscess at tooth

24  number 8 on September 9, 2007; 2) Dr. Smith's alleged refusal to prescribe antibiotics and pain

25  medication on October 15, 2007; and 3) Dr. Kirk's alleged refusal to prescribe pain medication on

26  September 27, 2007.  (ECF No. 24 at 5-6.)

27  //

28  //

                                               1

**I.**

**DISCUSSION**

The scope of discovery is broad.  <u>Republic of Ecuador v. Mackay</u>, 742 F.3d 860, 866 (9th Cir. 2014) (citing <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1292 (9th Cir. 1993)).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  <u>Id.</u>

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2).

Plaintiff served more than twenty-five interrogatories on Dr. Kirk, and Dr. Kirk refused to answer the last eight interrogatories (set two, numbers 3-10) on that ground.  (ECF No. 37 at 11-14.)  Thus, Plaintiff has already exceeded the limit of twenty-five interrogatories allowed by Rule 33(a).  Plaintiff seeks leave "to total the number of interrogatories to be 100 for both named defendants."[1] (ECF No. 37 at 4.)

Defendant Kirk argues that Plaintiff's motion should be denied because he has failed to make a particularized showing why the additional discovery is necessary. Plaintiff has not attached the proposed additional 100 interrogatories, nor has he shown why responses to interrogatories 3-10 of set two to Dr. Kirk are necessary.  Dr. Kirk further argues that interrogatories numbers 3-10 of set two are not relevant to the issue of whether he was deliberately indifferent by refusing to prescribe pain medication on September 27, 2007.

Plaintiff argues he is need of additional interrogatories because: 1) Dr. Kirk did not respond to previous interrogatories to Plaintiff's satisfaction; and 2) Defendants have the resources available to avail themselves of the deposition processes while Plaintiff does not.

---

[1] It is not clear whether Plaintiff is seeking leave to serve 100 additional interrogatories, 100 minus the eight Dr. Kirk refused to answer, or 100 minus the number of interrogatories served on both Defendants to date.

1   Plaintiff has not shown good cause for the Court to grant leave for further interrogatories.

2   Plaintiff fails to explain which of Dr. Kirk's responses were evasive, how they were evasive, or why

3   the information sought in the interrogatories is needed.  Plaintiff has not made any showing as to why

4   additional discovery is necessary.  See, e.g., Eichler v. Tilton, No. CIV S-06-2894-JAM-CMK-P, 2010

5   WL 457334, at *1 (E.D. Cal. Feb. 3, 2010) ("Plaintiff is required to make some showing as to the

6   reasons for his request to propound extra interrogatories, so that the court may make a determination

7   as to the necessity therefor.")   Plaintiff may not attempt to propound additional interrogatories merely

8   because he believes Dr. Kirk's responses to previous interrogatories were evasive.

9   Furthermore, the fact that Defendants have the ability to take Plaintiff's deposition is

10   irrelevant.  The scope and limit of discovery is set by the parties' claims and defenses, not the parties'

11   economic resources.  See Fed. R. Civ. P. 26(b)(1).

12   Moreover, Plaintiff has propounded interrogatories to Dr. Smith on April 9, 2014, and the

13   response was not due until forty-five days thereafter, i.e. May 24, 2014 (after the filing of the instant

14   motion).  (ECF No. 37, at 2:26-27.)  Thus, Plaintiff cannot claim additional interrogatories are needed

15   before he has exhausted the twenty-five allowed by Rule 33(a)(1).  Accordingly, Plaintiff's motion for

16   leave to propound additional interrogatories beyond the twenty-five limit must be denied.

### III.

### ORDER

19   Based on the foregoing,

20   IT IS HEREBY ORDERED that Plaintiff's motion for leave to propound additional

21   interrogatories beyond the twenty-five limit is DENIED.

23   IT IS SO ORDERED.

24   Dated:   __June 5, 2014__

UNITED STATES MAGISTRATE JUDGE

3